IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| WESLEY SCOTT,<br><br>    Plaintiff,<br><br>v.<br><br>ADRIAN JESUS MANJARREZ,<br>KNOX WASTE SERVICE, LLC, KNOX<br>WASTE SERVICE, LLC d/b/a MMCK<br>ENTERPRISES, LLC, REPUBLIC<br>SERVICES, and REPUBLIC SERVICES<br>d/b/a REPUBLIC SERVICES, INC.<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO.<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFFS' ORIGINAL COMPLAINT

To the Honorable Judge of Said Court:

COMES NOW Plaintiff Wesley Scott, hereinafter also referred to as "Plaintiff", and files this Original Complaint complaining of Defendants Adrian Jesus Manjarrez, Knox Waste Service, LLC, Knox Waste Service, LLC d/b/a MMCK Enterprises, LLC, Republic Services, and Republic Services d/b/a Republic Services, Inc. For cause of action, Plaintiff would respectfully show the Honorable Court and Jury the following:

## I.
## PARTIES AND SERVICE

1.1.   Plaintiff is an individual and resides in Oklahoma.

1.2.   Defendant Adrian Jesus Manjarrez is an individual and resides in Texas.

1.3. Defendant Knox Waste Service, LLC, Knox Waste Service, LLC d/b/a MMCK Enterprises, LLC, hereinafter also referred to as "Knox Waste Service" is a business entity who may be served through its registered agent for service via certified mail to: **MERLE KNOX, 103 MARKET STREET, TYE, TX 79563 or wherever he/it may be found.**

1.4. Defendant Republic Services d/b/a Republic Services, Inc., hereinafter referred to as "Republic Services", is a business entity who may be served through its registered agent for service via certified mail to: **ROBERT M. GAUSS JR, 2123 W. GOVERNORS CIR., HOUSTON, TX 77092 or wherever he/it may be found.**

## II.
## JURISDICTION AND VENUE

2.1. Jurisdiction is vested in this court pursuant to 28 U.S.C. Section 1332 in that Plaintiff is a resident of the City of Mannford, State of Oklahoma; Defendant Adrian Manjarrez Estate is a resident of the State of Texas; Defendant Knox Waste Service is a corporation doing business in Texas with its principal place of business and domicile in Texas; Republic Services is a corporation doing business in Texas and Oklahoma with its principal place of business and domicile in Arizona; and the amount in controversy in this case exceeds the sum of $75,000.00.

2.2. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(a).

## III.
## FACTUAL BACKGROUND

3.1. On or about Thursday, August 13, 2020, Wesley Scott was lawfully operating a 2018 Peterbilt, travelling westbound on US 180, .9 miles west of mile post 360 in Scurry County, Texas.

3.2. Defendant Adrian Jesus Manjarrez ("Manjarrez" or operator of CMV at times collectively referred to as "Manjarrez"), was travelling northbound on a private driveway south of US 180, .9 miles west of mile post 360 in Scurry County, Texas in a 2015 Mack garbage truck.

3.3. According to the Texas Department of Public Safety Investigating Trooper, Manjarrez "entered [US 180] making a slow left turn" as he "needed to get across the highway for his next pick up". The investigating Trooper ticketed Manjarrez with failing to yield the right of way when emerging from the driveway onto the highway.

3.4. When Scott "saw [Manjarrez] exit the driveway..., [he] attempted to avoid colliding with [Manjarrez] by steering onto the improved shoulder." Manjarrez and Scott then "collided causing damage to all through units." Wesley Scott was injured because of this crash.

3.5. Defendants Knox Waste Service and Republic Services qualified, supervised, and retained Manjarrez. At all times relevant to this lawsuit, Manjarrez or the operator was acting in the course and scope of his actual or statutory employment with Defendants Knox Waste Service and Republic Services.

3.6 Plaintiff understands that the Defendant Republic Services d/b/a Republic Services, Inc., hereinafter referred to as "Republic Services", purchased Knox Waste Service including all of its liabilities.

## IV.
## MORE THAN SIMPLE NEGLIGENCE OF ADRIAN MANJARREZ

4.1. Manjarrez or the operator of Defendant's commercial motor vehicle was negligent and grossly negligent in the operation of the company motor vehicle. Specifically, Manjarrez or the operator:

4.1.1 Failed to keep a proper lookout because of unnecessary distractions including engaging with a hand-held mobile telephone while driving a commercial motor vehicle.

4.1.2. Failed to exercise due care to avoid the incident;

4.1.3. Failed to safely operate the vehicle;

4.1.4. Failed to follow industry regulations and standards;

4.1.5. Failed to follow basic training on evasive maneuvers;

4.1.6. Was reckless while operating the commercial vehicle.

4.2. As part of being a qualified driver of a commercial vehicle, Manjarrez or the operator was required to have knowledge and skills of proper space management – the procedures and techniques for controlling the space around the vehicle, including:

4.2.1. Controlling space ahead/to the rear;

4.2.2. Space to the sides; and

4.2.3. Space for traffic gaps.

4.3. As part of being a qualified driver of a commercial vehicle, Manjarrez or the operator was required to have knowledge and skills of proper speed management – the importance of understanding the effects of speed.

4.4. As part of being a qualified driver of a commercial vehicle, Manjarrez or the operator was required to have knowledge and skills of proper hazard perception: "the

basic information on hazard perception and clues for recognition of hazards including: (i) road characteristics and (ii) road user activities."

4.5. To the extent that Defendants claim a sudden emergency, Defendant, Manjarrez or the operator clearly created such an emergency when it was clear Manjarrez, or the operator did not have the required knowledge or skill with regards to the topics referenced herein. Manjarrez or the operator was clearly not qualified to operate a commercial motor vehicle.

4.6. As part of being a qualified driver of a commercial vehicle, Manjarrez or the operator was required to have knowledge and skills of properly yielding the right of way.

4.7. Manjarrez or the operator clearly did not have the required knowledge and skill or clearly disregarded such necessary knowledge and skill given the industry standard is to yield the right of way when turning onto a highway. This standard is specific and governs this situation or is an element of a duty of care applicable to Manjarrez and Defendants Knox Waste Service and Republic Services.

4.8. Manjarrez or the operator was more than simply negligent. His actions and omissions constitute gross negligence as defined under Texas law.

4.9. Each of the foregoing negligent actus or omissions whether taken singularly, or in any combination, was a proximate cause of Plaintiff's damages and injuries, which are described below with more particularity.

4.10. Defendants Knox Waste Service and Republic Services is vicariously liable for the negligence of Manjarrez or the operator under the statutory employment doctrine as well as the doctrine of *Respondeat Superior*.

4.11   Defendant Republic Services is vicariously liable for the negligence of Manjarrez or the operator under the statutory employment doctrine as well as the doctrine of *Respondeat Superior*.

## V.
## NEGLIGENCE PER SE

5.1.   Additionally, Defendants are liable for the damages to the Plaintiff for actions of Manjarrez which constitute negligence per se, as the term is defined by law, by violating one or more of the following statutes, Failed to yield right of way from a driveway TXTRC 545.256, said violation causing the occurrence in question and the damages to the Plaintiff:

5.1.1.   Failing to obtain or have the necessary knowledge, training and experience to safely operate his vehicle as stated above;

5.2.   Plaintiff alleges that each and every, all and singular unreasonable and unjustified violations of the aforementioned statutory provision on the part of the Defendants, their agents, servants, employees and/or statutory employees, constitute negligence per se which was and is the direct and proximate cause of the injuries and damages sustained by Plaintiff as hereinafter set out.

## VI.
## NEGLIGENCE OF KNOX WASTE SERVICE AND REPUBLIC SERVICES

6.1.   Further, Defendants Knox Waste Service and Republic Services were independently and directly negligent. Defendants Knox Waste Service and Republic Services owed a duty of care to take steps to prevent injury to the driving public by, among other things, determining the competency of a job applicant, adequately

supervising and training its employee-drivers, and adequately maintaining its vehicles. The reason for this duty of care is to promote safety and prevent motor vehicle collisions. Defendants Knox Waste Service and Republic Services had and superficially assumed the duty to hire, supervise, train, and retain only safe and qualified drivers and to keep unsafe vehicles off public roads. However, Defendant Knox Waste Service and Republic Services:

6.1.1.  Failed to appropriately and adequately train Manjarrez;

6.1.2.  Failed to appropriately and adequately supervise Manjarrez;

6.1.3.  Failed to remain knowledgeable above Manjarrez's competence and qualifications;

6.1.4.  Failed to enforce or implement progressive discipline policies;

6.1.5.  Negligently continued to retain Manjarrez;

6.1.6.  Negligently maintained its vehicles;

6.1.7.  Negligently entrusted an unsafe vehicle to Manjarrez;

6.1.8.  Negligently assigned Manjarrez the job when he was not competent to perform such job under the known conditions.

6.2.  Each of the foregoing negligent acts or omissions of Defendant Manjarrez, whether taken singularly, or in any combination, was a proximate cause of Plaintiff's injuries and Plaintiff's damages, which are described below with more particularity.

6.3.  Defendants were more than simply negligent. Defendants' actions and omissions constitute gross negligence.

## VII.
## DAMAGES AS TO WESLEY SCOTT

7.1. As a result of the occurrence in question, Wesley Scott suffered injuries to his head, neck, thoracic spine, lumbar spine, cervical spine, low back, shoulders, arms, elbows, hands, wrists, right hip; he suffered a right clavicle fracture, post-traumatic stress disorder, a traumatic brain injury, a bicep tendon tear as a result of the collision in question.

7.2. Wesley Scott had a right shoulder surgery for an arthroscopic decompression, a biceps tenodesis, and a clavicle excision to treat his shoulder injury caused by the occurrence in question; Scott had surgery with a hand specialist, and has been recommended surgical intervention for his right elbow and right wrist Scott was also examined with regard to hearing loss and tinnitus in his left ear; Scott underwent physical therapy on his right hip, but has worsening symptoms in the hip.

7.3. Scott has been psychologically evaluated and recommended further evaluations due to his posttraumatic stress disorder; Scott experiences short term memory loss and headaches due to his traumatic brain injury caused by the collision in question.

7.4. Scott suffers from decreased range of motion in his neck, mid back, low back, shoulders, arms, elbows, hands, wrists, and right hip; Scott has pain radiating from his neck into his lower extremities, and weakness in low back and lower extremities, which are both exacerbated by physical activity.

7.5. Wesley Scott hereby seeks the following damages:

7.5.1. Reasonable and necessary medical expenses in the past;

7.5.2. Reasonable and necessary medical expenses in the future; and

7.5.3. The physical pain and emotional pain, mental anguish, torment, and suffering experienced by Wesley Scott as a result of the occurrence in question.

7.5.4. Lost wages and remaining property damage losses to the vehicle involved caused by the occurrence in question.

7.5.5. Disfigurement and physical impairment caused by the occurrence in question.

7.5.6. Because of all the above and foregoing, Plaintiff has been damaged, and will be damaged, in a sum within the jurisdictional limits of this Court, such monetary relief in excess of $75,000.00 with a final awarded amount to be just and fair as decided by a jury of Plaintiff's peers.

## VIII.
## JURY DEMAND

8.1. Plaintiff respectfully requests a jury trial.

## IX.
## PRAYER

9.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that upon final trial of this cause, Plaintiffs recover:

9.1.1. Judgment against Defendants for Plaintiff's damages as set forth above in an amount within the jurisdictional limits of this Court;

9.1.2. Pre-judgment interest on Plaintiff's damages at the maximum amount allowed by law;

9.1.3. Post-judgment interest on the judgment at the maximum amount allowed by law;

9.1.4. Case costs and expenses of suit; and

9.1.5. Such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**GRIFFIN, REYNOLDS & ASSOCIATES**
210 Southeast 89th Street
Oklahoma City, OK  73149
Office: (405) 721-9500
Facsimile: (405) 721-9503
Email: billy@griffinreynoldslaw.com


By: __/s/ Billy Griffin_____
BILLY D. GRIFFIN
Oklahoma State Bar No. 17945
ATTORNEY FOR PLAINTIFF

ATTORNEY LIEN CLAIMED